IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAVELLE J ONES,

    Petitioner,

  v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:13-cv-155
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

On March 7, 2014, the Magistrate Judge issued a *Report and Recommendation* (ECF No. 33) recommending, after conducting an evidentiary hearing, that Respondent's *Motion to Dismiss* on statute of limitations grounds (ECF No. 7) be denied and that Respondent be directed to file a *Return of Writ* addressing the merits of Petitioner's claims within twenty-one days. Respondent has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.* (ECF No. 34.)

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the Court **OVERRULES** Respondent's *Objection* (ECF No. 34), **ADOPTS** and **AFFIRMS** the Magistrate Judge's *Report and Recommendation* (ECF No. 33), and **DENIES** Respondent's *Motion to Dismiss* (ECF No. 7). Respondent is **DIRECTED** to make a return to the petition for a writ of habeas corpus in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court within twenty-one days. Petitioner may file a reply to the response within fifteen days thereafter.

Respondent objects to the Magistrate Judge's recommendation that the *Motion to Dismiss* be denied.  Respondent argues that Petitioner has failed to establish that equitable tolling of the statute of limitations is appropriate based on his attorney's failure to notify him of the state appellate court's decision denying his appeal and that, in any event, Petitioner has failed to establish he exercised diligence in pursuing his claims.  Respondent argues that Petitioner failed to attempt to access LEXIS or Westlaw at the prison's law library, where he could have learned about the appellate court's decision denying his appeal. (ECF No. 34, at Page ID # 657.) Additionally, Respondent argues that Petitioner had earned a G.E.D. and knew how to use a computer, as well as how to access the prison's law library, because Petitioner had five prior incarcerations.  *Id*.  Respondent complains that the *Report and Recommendation* fails to acknowledge that Petitioner had internet access.  Respondent contends that the Magistrate Judge unduly credited documents Petitioner submitted in support of his claim.   Respondent argues that Petitioner recently fabricated such documents because he failed to present this same documentation in support of his motion for a delayed appeal to the Ohio Supreme Court or in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  (ECF No. 34.)

In view of the testimony adduced at the evidentiary hearing and based on the record in this case, Respondent's arguments do not persuade this Court to conclude that this action is time-barred.  Although Respondent makes much of Petitioner's failure to access the prison law library's computer system, the evidence shows that Petitioner did not realize that he had access to Lexis, which would have allowed him to check on the progress of his appeal during the relevant time.  (ECF No. 29, at Page ID  # 576.)  Further, his outside contacts were no longer able to assist him to keep abreast of the status of his appeal.  Moreover, in support of his allegation that he exercised diligence, Petitioner submitted letters and a log supporting his

2

testimony that he attempted, during the time period at issue, to contact his attorney to find out if there had been a decision on his appeal. For reasons already addressed by the Magistrate Judge, Respondent's argument that Petitioner fabricated these documents fails to persuade this Court.

Petitioner's attorney, on the other hand, had no independent recollection of many events in this case, and he did not notify Petitioner of the filing of the appellate brief or oral argument. Respondent presented no evidence supporting a finding that the attorney actually followed his usual practice of sending a client notice of the state appellate court's decision affirming the decision of the trial court. Additionally, and at least for some period of time, Petitioner did not act unreasonably in assuming that his appeal remained pending and that his attorney would notify him of any decision in the case.

After conducting an evidentiary hearing, the Magistrate Judge made a factual finding to credit Petitioner's testimony regarding his efforts to learn about the status of his appeal in order to determine whether Petitioner exercised requisite diligence. Respondent has offered no viable reason for this Court to disturb that finding here. To the contrary, this Court agrees that the record supports Petitioner's testimony in this regard. Moreover, Petitioner submitted an affidavit in the Ohio Court of Appeals verifying the same allegations he makes here (ECF No. 7-3, at Page ID # 280-81), and the Ohio Court of Appeals accepted those allegations in finding that Petitioner had established "good cause" for his untimely application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) (ECF No. 7-3, at Page ID # 300.) Arguably that decision constitutes a factual finding of the state courts accepting Petitioner's allegations as true. Assuming that to be the case, Respondent does not meet the burden of rebutting the presumption

of correctness afforded to those findings.  28 U.S.C. § 2254(e).[1]  Even if that is not the case, the record here supports such a finding.

The United States Supreme Court has explained that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (citations and quotation marks omitted).  This Court agrees with the conclusion of the Magistrate Judge that Petitioner has met this burden here.  The Court concludes that Petitioner likewise has established that his attorney's conduct in failing to ensure that he advised Petitioner of the status of his appeal constitutes an extraordinary circumstance that prevented Petitioner from timely filing this habeas corpus petition.  In short, the Court concludes that equitable tolling is warranted in this case.

The Court **OVERRULES** Respondent's *Objection* (ECF No. 34), **ADOPTS** and **AFFIRMS** the Magistrate Judge's *Report and Recommendation* (ECF No. 33), and **DENIES** Respondent's *Motion to Dismiss* (ECF No. 7).  Respondent is **DIRECTED** to make a return to the petition for a writ of habeas corpus in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court within twenty-one days.  Petitioner may file a reply to the response within fifteen days thereafter.

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

---

[1]  28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.