## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LAVELLE JONES,**

   **Petitioner,**

   **v.**

**WARDEN, LEBANON
CORRECTIONAL INSTITUTION,**

   **Respondent.**

      **CASE NO. 2:13-CV-00155**
      **JUDGE GREGORY L. FROST**
      **MAGISTRATE JUDGE KEMP**

### OPINION AND ORDER

On September 19, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.*  For the reasons that follow, Petitioner's *Objection,* Doc. No. 42, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary, that he was denied the effective assistance of trial and appellate counsel, and that he was denied due process because the trial court refused to grant his motion to withdraw guilty plea.  The Magistrate Judge recommends dismissal of all of these claims on the merits.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims that he was denied effective assistance of counsel and that his guilty plea was not knowing, intelligent or voluntary.  He complains that the Magistrate Judge improperly relied on his *Traverse* for consideration of his claims and failed to recognize his objection(s) to the state court's determinations.  As to his claim of ineffective assistance of appellate counsel, Petitioner

argues that the trial court improperly sentenced him as a repeat violent offender because he lacked the requisite prior criminal convictions. He contends that the Magistrate Judge erred in referring to *State v. Foster,* 109 Ohio St.3d 1 (2006)(excising fact-finding provisions of Ohio's sentencing statutes in view of *Blakely v. Washington,* 542 U.S. 296 (2004)), in resolving this claim. Petitioner argues that his convictions on aggravated robbery and kidnapping should have been merged under *State v. Winn*, 121 Ohio St.3d 413 (Ohio 2009). He objects to the Magistrate Judge's conclusion that he waived any challenge to the validity of the basis for his convictions by entry of his guilty plea and again argues that the record shows that his guilty plea is constitutionally invalid. Petitioner incorporates all of the arguments he has previously raised in support of his *Objection*.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Magistrate Judge did not err in referring to Petitioner's *Traverse* (*see* Doc. No. 40) in reviewing Petitioner's claims, nor does the record reflect that the Magistrate Judge did not take Petitioner's initial § 2254 petition into account in determining whether those claims warrant relief. Petitioner's initial filing provides little in the grounds for support of his claims and the *Traverse* is helpful in this regard. Further, the form filing of the initial petition does not provide any basis for relief that has not already been addressed. Recognizing that Petitioner objects to the reasonableness of that the state court's decision denying his claims Petitioner nonetheless has failed to establish he is entitled to relief under the deferential standard of review required under the Antiterrorism and Effective Death Penalty Act. This Court disagrees with Petitioner's argument that the Magistrate Judge improperly recommended dismissal of his claim of ineffective assistance of appellate counsel. The state appellate court, in rejecting Petitioner's argument that he did not meet the requirements for sentencing as a repeat violent offender,

concluded that this claim failed, in part, because *Foster* had eliminated the requirement that a trial court make certain factual findings prior to imposition of an enhanced sentence.  Doc. No. 7-3, PageID# 301-02.  The Magistrate Judge therefore did not improperly refer to the Ohio Supreme Court's decision in *Foster* in reviewing Petitioner's claim.  Moreover, this Court is bound by the state court's interpretation of its own laws.  *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (this court must "defer to a state court's interpretation of its own rules of evidence and procedure") (citations omitted); *Bennett v. Warden, Lebanon Correctional Inst.*, 782 F.Supp.2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state law questions.")).  For this same reason, Petitioner's argument that *State v. Winn*, as opposed to *State v. Johnson*, should have applied to determine whether Petitioner's convictions on robbery and kidnapping merged, fails.  The state appellate court applied *Johnson,* decided after it had released its decision on direct appeal, *see* Doc. No. 7, PageID# 301-02, and this Court defers to that decision here.  For these reasons, and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner has failed to persuade the Court that he is entitled to relief.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  Petitioner's *Objection,* Doc. No. 42, is **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

/s/  Gregory L. Frost
GREGORY L. FROST
United States District Judge